# State, *ex rel.* Continental Trust Co. *v.* Still.

*Mandamus.*

(Decided May 22, 1913.　62 South. 534.)

*Mortgages; Recording; Tax Fee; Payment.*—The provisions of subdivision 7, section 2082, Code 1907, apply to all mortgages recorded after its passage, regardless of whether they were executed before the passage of the act or thereafter; such construction of the statute gives it a prospective and not a retrospective effect.

Appeal from Montgomery City Court.

Heard before Hon. Armstead Brown.

Petition by the State of Alabama, on the relation of the Continental Trust Company, against M. D. Still, as judge of probate, for mandamus requiring him to record a certain mortgage executed to the relator as

trustee upon the payment of 15 cents per hundred words for recording, without requiring the payment of 15 cents per hundred dollars on the face of the mortgage debt thereby secured. From a decree denying the petition, relator appeals. Affirmed.

The facts made by the petition are that certain concerns, corporations, had executed and delivered to relator as trustee a mortgage on certain property situated in the states of Connecticut, Maryland, South Carolina, and Alabama, including property situated in the counties of Elmore, Macon, and Tallapoosa, in the state of Alabama, to secure the issue of an $8,000,000 bonded indebtedness, and that relator through an authorized agent had tendered said mortgage with the fee of 15 cents per hundred words to the Hon. M. D. Still as judge of probate of Elmore county, Ala., together with the fee of 15 cents per hundred words for the recording and requested said judge to record said mortgage, as required by law, but that said judge refused to receive and record said mortgage without the payment of the sum of 15 cents upon each hundred dollars of said mortgage in addition to said recording fee, and that relator is advised by counsel that it was and is the duty of the judge of probate to receive and record the mortgage, but that he had declined to do so. The prayer is as above set out.

J. M. CHILTON, and EDWARD S. WATTS, for appellant. The act in question (sec. 2082, subdivision 7, Code 1907) went into effect October 1, 1903, and applies only to mortgages executed and offered for record after that date, as the courts will never give a statute a retrospective operation unless it clearly appears that it was so intended.—*Boyce v. Holmes,* 2 Ala. 54; *Elliott v. Mayfield,* 4 Ala. 417; *Barnes v. Mobile,* 19 Ala. 707; *Brad-*

*ford v. Barclay,* 42 Ala. 275; *Calder v. Bull,* 1 L. Ed.
648; *Drawbridge v. Mays,* 39 Ala. 637; 74 Fed. 557.  If
the act be given a retrospective operation, it will render
it unconstitutional.—*State v. Hartford F. I. Co.,* 99
Ala. 221.

R. C. BRICKELL, Attorney General, and W. L. MARTIN,
Assistant Attorney General, for the State.

ANDERSON, J.—Subdivision 7 of section 2082 of
the Code of 1907 says:  "(7)A. No mortgage, deed of
trust, contract of conditional sale, or other instrument
in the nature of a mortgage, which is given to secure
the payment of any debt which such mortgage, deed of
trust, contract of conditional sale, or other instrument
of like character, shall be executed so as to convey real
property or any interest in real property or personal
property which is situated within this state, shall be
received for record unless the following privilege taxes
shall have been paid upon such instrument before the
same shall be offered for record, to wit:  Upon all such
instruments which are executed to secure any indebted-
ness which shall not exceed one hundred dollars, there
shall be paid the sum of fifteen cents, and upon all
such instruments, which shall be executed to secure an
indebtedness of more than one hundred dollars there
shall be paid the sum of fifteen cents for each one hun-
dred dollars of said indebtedness or  portion  thereof,
which is secured by said mortgage, deed of trust, con-
tract of condition of sale, or other instrument of like
character, to be paid for by the lender."  It is clear that
this statute requires the payment of the tax therein
provided as a condition precedent to the recordation of
all instruments thereby covered, regardless of the date
of the execution of said instruments.  This statute is

intended for the purpose of raising revenue by requiring people who desire the protection by the registration of their instruments to pay for the privilege of doing so, and the statute, in its present form, and which was the law when the instrument in question was tendered for registration, makes no discrimination between mortgages existing at the date of the enactment and those subsequently executed, but it applies to all instruments offered for registration after the enactment, and regardless of the date of execution.

We fully agree with counsel for the appellant that, unless a contrary intent appears, statutes must be construed so as to be given a prospective rather than a retrospective operation, and which is the construction given the statute in question. The subject that it deals with is the recordation of certain instruments and the exaction of a tax for enjoying the benefit of registration, and, of course, only applies to mortgages offered for record in the future, and not those that have been previously recorded. It does not attempt to regulate the execution of instruments or exact a tax or duty upon the execution of same, but simply requires a tax for the registration of same in the future, and is therefore prospective in operation. If it created a tax for having previously recorded the instrument in question, it would be retrospective, but, as it regulates only registrations subsequent to the enactment of the same, it is necessarily prospective in its operation.

The city court did not err in declining to issue the rule nisi, and the judgment of said city court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.